## Case No. 14,880.

### UNITED STATES v. COWING.

[4 Cranch, C. C. 613.] [1]

Circuit Court, District of Columbia. Nov. Term, 1835.

PERJURY — MATERIALITY OF FACTS SWORN TO — INDICTMENT—OATH—AUTHORITY TO ADMINISTER.

1. A justice of the peace has authority to administer an oath to an answer in chancery.

2. In an indictment for perjury, the materiality of the facts sworn to, must appear in the indictment, either by averment, or by a statement of facts which show their materiality.

This was an indictment for perjury in the answer to a bill in chancery. The defendant [William Cowing] demurred to the indictment, because it neither averred that the allegations in which the perjury was said to consist, were material, nor did it aver facts showing their materiality.

The plaintiffs in the bill in chancery were merchants; the defendant was their clerk. The bill charged him with embezzlement of the complainants' money and goods. The defendant, in his answer, denied the embezzlement; and in order to account for the fact, charged in the bill, that he had large sums of money deposited in some of the banks to his credit, he stated in his answer a variety of facts and circumstances tending to show that he had honestly acquired the money so deposited. The perjury assigned was in the allegation of those facts and circumstances.

Mr. Semmes, for defendant. The defendant was not bound to answer specially how he ob-

tained the money; nor was his answer to that effect, evidence for him. The indictment does not state that those matters were material, nor do they appear to be so upon the face of the indictment. If the bill would have been bad upon demurrer, perjury cannot be assigned in the answer; for the answer was immaterial and unnecessary. The court dissolved the injunction, (which was to prevent him from withdrawing his funds from the respective banks in which they were deposited, upon the allegation that they were the funds of the complainants,) upon the bill itself without answer; upon the ground that the complainants did not in their bill show a title to the specific funds lodged in the banks; that they had no right to require the defendant to discover the matters charged; and that the matter charged amounted to felony; to which he was not bound to answer. If the court had no jurisdiction, or if the defendant was not bound to answer, he could not commit perjury in the answer. The assignment of the perjury is only upon immaterial allegations in the answer. By thus assigning the perjury upon the immaterial allegations of the answer, they admitted the truth of the material allegations. 2 Russ. Crimes, 519, note 2; Rex v. Dunston, Ryan & M. 109; Abrahams v. Bunn, 4 Burrows, 2255; Bartlett v. Pickersgill, 4 East, 577, note b.

Mr. Jones, on the same side. The gist of the charge, in the bill in chancery, was embezzlement of the money and goods of the complainants. It was not a bill for discovery, as ancillary to an action at law, but an original bill for an account of the embezzlement and for general relief. It is true that the complainants say that they have brought a suit at law, and need the defendant's answer, but they do not say to what facts. If the averments in which the perjury is not assigned are true (and they must be taken to be so,) the others will appear to be immaterial; and it is settled law that either it must appear upon the indictment that the matter, in respect of which the perjury is assigned, was material, or it must be expressly alleged to have been so. 2 Russ. 517, note a, 519, 541, 542; Com. v. Knight, 12 Mass. 274; 2 Chit. Cr. Law, 305, 306. It is also necessary that the indictment should expressly contradict the matter falsely sworn to by the defendant; and the general averment that the defendant falsely swore, &c., upon the whole matter, will not be sufficient; the indictment must proceed, by particular averments, to negative that which is false. 2 Russ. 542; Rex v. Dunston, 1 Ryan & M. 109. But a justice of the peace has no jurisdiction to administer an oath to an answer in chancery. In England it is taken by a master in chancery, or by a commissioner appointed by the court. 4 Com. Dig. tit. "Justice of the Peace," B, 102; 16 Vin. Abr. 315, "Perjury," E.

R. S. Coxe, for the United States, was stopped by the court as to the question of authority of the justice of the peace to administer the oath to an answer in chancery; the au-

[1] [Reported by Hon. William Cranch, Chief Judge.]

thority being expressly given by the ninth rule prescribed by the supreme court for the equity practice of the circuit courts.

An answer to a demurrable bill is a waiver of the right to demur. The averment of embezzlement was only an inference from the circumstances stated in the bill. Those circumstances therefore were material; and the facts stated by the defendant to avoid the force of those circumstances, were therefore also material. The case of Rex v. Dunston, cited from Ryan & M. 109, is not supported by Bartlett v. Pickersgill, in 4 East, 577, note b; for in this latter case, the defendant was convicted of perjury in denying a parol agreement void by the statute of frauds. The materiality of the matter is a fact to be ascertained by the jury. Com. v. Weaver [unreported], Judge Lomax's opinion.

Mr. Key, on the same side. The defendant had a right to demur or answer to the bill in chancery; but having answered and put the facts in issue, they became material. The bill charged a trust in the defendant and required an account. The court therefore had jurisdiction. The facts stated by the defendant for the purpose of corroborating his answer are material.

Mr. Jones, in reply. The putting of the facts in issue does not make them material. The materiality of all questions, in a chancery suit, depends upon the purpose for which the suit is instituted; and if it does not appear upon the face of the indictment that the question, upon which the perjury is assigned was material or not, the indictment cannot be supported. Rex v. Bignold, 2 Russ. Crimes, 541. note z.

THE COURT (nem. con.) was of opinion that the indictment was insufficient in not averring the materiality of the facts upon which the perjury was assigned; and in not stating facts which would show their materiality.

Judgment for the defendant on the demurrer.